This provision of the contract was therefore waived by the parties to it, as it might have been; and the fact that they were not delivered cannot be insisted upon by the defendant here.

We have examined the various exceptions taken by the defendant to the rulings of the referee. While some of the evidence might very properly have been admitted in view of the claims which were presented upon the trial, yet the evidence, if given, could not have affected the result in the view which we take of the construction of this guaranty. For that reason, none of these exceptions call for reversal of this judgment.

Our conclusion is that the judgment must be affirmed, with costs. All concur.

---

(2 App. Div. 489.)

### MAZANEC v. MANHATTAN INV. & CONST. CO.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

PLEADINGS—OFFER OF COMPROMISE—FAILURE TO ACCEPT—JUDGMENT.

In an action to recover money paid on a contract and damages for false representations, defendant admitted the contract, denied the representations, alleged an offer to rescind, which had been denied by plaintiff, and further stated that defendant was willing, on cancellation of the contract, to. restore to plaintiff the $145 which he had paid, and thereby offered to repay the same on delivery of the contract for cancellation. Held, that this was, at most, an offer of compromise, which, not being accepted within the time limited by the Code, did not authorize judgment for plaintiff for the $145, on his tendering the contract, at the trial, for cancellation.

Appeal from superior court of New York City, special term.

Action by Anton Mazanec against the Manhattan Investment & Construction Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. Goldzier, for appellant.
N. A. Alexander, for respondent.

VAN BRUNT, P. J. This action was brought to recover moneys paid on a contract, and damages to the amount of $1,000 for false representations in respect thereto. The defendant answered, admitting the execution of a contract, denying the representations, and that the plaintiff relied upon them, and alleging an offer to rescind the contract, which was declined. The answer further stated that the defendant was willing to restore to the plaintiff the amount paid, to wit, the sum of $145, upon the cancellation of the contract, and thereby offered to repay the same upon delivery up for cancellation of said last-mentioned contract. Upon the issues thus formed, the case came on for trial, and the plaintiff tendered the contract for cancellation, and the court directed judgment for $145 and interest and $15 costs, to which ruling the defendant duly excepted. From the judgment thereupon entered, this appeal is taken.

We do not see what authority there existed for the action of the

court which resulted in this judgment.    If the matter contained in the answer is to be considered as an offer, such offer not being accepted within the time limited by the Code, it could not be used upon the trial.    It cannot be considered as an admission, because it is not couched in the terms of an admission, and is inconsistent with the positive denials contained in the answer.    The most that could be claimed for this allegation in the answer is that it was an offer of compromise; that the defendant, without further litigation, was willing to settle the case upon the terms mentioned in the answer. By such an offer, the defendant was not bound until the case was called for trial.    There seems to be no theory upon which a tender of payment of this description can be made the basis of a judgment.    It is not an admission of anything due, or of any liability which could form the subject of a judgment.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.