McCAULEY v. FIDELITY & CASUALTY CO. et al. ·

(Supreme Court, Appellate Term, First Department.  April 27, 1896.)

1. MASTER AND SERVANT—LIABILITY OF MASTER FOR SERVANT'S NEGLIGENCE.
    A casualty company insured plate glass in plaintiff's building.  The policy .provided that the company, at its option, might replace the glass, or pay its actual value, and that, whenever necessary, plaintiff should, at his own expense, remove any woodwork, gas fixtures, or other obstruction to the replacing of the glass.  The company notified one H., with whom it had a contract for that purpose, to replace plaintiff's broken glass.  H.'s workmen found that the gas pipes interfered with the work, and negligently detached two lengths in the cellar, so that, when the gas was lighted in the evening, an explosion occurred, which damaged plaintiff's property.  *Held*, that H. was not liable for such negligent acts of his servants, the acts being outside of the scope of their employment.

2. SAME—LIABILITY FOR ACTS OF SERVANT OF INDEPENDENT CONTRACTOR.
    Nor, in such case, was the casualty company liable for such negligent acts.

Appeal from Eighth district court.

Action by John McCauley against the Fidelity & Casualty Company and Nathan Hutkoff to recover damages for injury to personal property caused by the negligent acts of defendant Hutkoff's employés.  From a judgment for plaintiff, defendants appeal.  Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

David Leventritt and Albertus Perry, for appellants.

Yellott D. Deckert, for respondent.

BISCHOFF, J.   The defendant the Fidelity & Casualty Company insured the plate glass on the plaintiff's premises.  By the third clause of the policy the company agreed, at its option, to replace the glass, or to pay actual value of the glass broken.  The policy further provided:

"Whenever necessary, the assured shall, at his own expense, remove any woodwork, gas fixtures, or other obstruction to the replacing of the glass."

The plaintiff notified the defendant company that the glass in his store window was broken, and thereupon the company notified the defendant Hutkoff, with whom it had a contract for that purpose, to replace the broken pane.  Hutkoff sent his workmen to replace the glass.  They found that the gas pipes outside the window interfered with the work, and notified the clerks in the store that they would have to be removed.  Plaintiff leased the store to one Pape, and the two men in charge of it were his employés.

The justice has found, on conflicting testimony, that the defendant Hutkoff's men worked at the pipes, and negligently detached two lengths, in the cellar and basement, so that, when the gas was lighted that evening, an explosion occurred, which caused the damage complained of in this action.  A master is, ordinarily, liable to a third person injured through the negligence of his servant while acting within the scope of his employment.  14 Am. & Eng. Enc. Law, 804; Mott v. Ice Co., 73 N. Y. 543, 547.  "The test of the mas-

ter's responsibility for the act of his servant is, not whether such act was done according to the instructions of the master to the servant, but whether it is done in the prosecution of the business that the servant was employed by the master to do." Cosgrove v. Ogden, 49 N. Y. 255, 257. Here the duty of the servant was fixed by the contract of insurance, which placed the obligation of removing gas pipes and other obstructions upon the owner. This was known to all the parties interested. If, therefore, Hutkoff's employés endeavored to remove the gas pipes, they acted, in so doing, neither within the scope nor within the course of their employment, and the defendants cannot be held liable for such acts.

The judgment, as rendered, against both defendants, is erroneous. The immediate employer of a servant is alone responsible for the latter's negligent acts. There cannot be two superiors severally responsible in such a case. Blake v. Ferris, 5 N. Y. 48.

The judgment must be reversed as to each defendant, with costs to abide the event of a new trial, which is hereby directed. All concur.