LOOMER, Respondent, v. VILLAGE OF DOLGEVILLE, Appellant. (Supreme Court, Appellate Division, Fourth Department. March, 1896.) No opinion. Order affirmed, with $10 costs and disbursements.

In re LYNCH. (Supreme Court, Appellate Division, Fourth Department. March, 1896.) In the matter of the examination of Veronica Lynch, judgment debtor in proceedings supplementary to execution in an action entitled Brackett H. Clark against Veronica Lynch. No opinion. Motion denied, without costs.

MACAULEY v. HALPIN. (Supreme Court, Appellate Division, First Department. January 14, 1896.) No opinion. Order affirmed, with $10 costs and disbursements.

McCAULEY v. FIDELITY & CASUALTY CO. (Supreme Court, Appellate Term, First Department. January 31, 1896.) No opinion. The order having been complied with, the motion to dismiss will be denied, without costs. See 38 N. Y. Supp. 773.

McELROY et al., Plaintiffs, v. NATIONAL SAV. BANK OF ALBANY et al., Defendants. (Supreme Court, Appellate Division, Third Department. July 7, 1896.) Action by John E. McElroy and another, as executors of the will of James C. Bell, deceased, against the National Savings Bank of Albany and others. No opinion. Judgment for the plaintiffs, without costs.

McKERNAN v. KESSLER. (Supreme Court, Appellate Term, First Department. January 31, 1896.) No opinion. Judgment affirmed, with costs.

MANN, Appellant, v. DOHT, Respondent. (Supreme Court, Appellate Division, First Department. May 1, 1896.) Action by Samuel Mann against Henry Doht, as sheriff, etc. J. Barnett, for appellant. A. H. Parkhurst, for respondent.

PER CURIAM. We think this order must be reversed. The action was brought to recover possession of personal property. The subject-matter of the action was the possession of the property. In that the moving party had no interest. No judgment in this action could affect his right to possession or his title to the property. Section 452 of the Code of Civil Procedure does not apply, because the moving party had no interest in the subject-matter of the action. Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982, is not controlling, for in that case the moving party had a direct interest in the action, in that, if the defendant succeeded, the property would go in payment of his debt, but if the plaintiff succeeded, it would not. The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

MANNING v. MANNING. (Supreme Court, Appellate Division, First Department. January 14, 1896.) No opinion. Order modified by providing that respondent, as a condition of granting the order, pay to the appellant $10 costs of motion, and in addition thereto the costs and disbursements of the appeal from the judgment, and that the respondent also stipulate that she will not tax against the appellant any costs or disbursements in the action heretofore accrued, in case she recovers a judgment.

MARKET & FULTON NAT. BANK v. NEW YORK FUR CUTTING CO. (Supreme Court, Appellate Division, First Department. January 14, 1896.) No opinion. Order modified so that, instead of the receiver being substituted in place and stead of defendant corporation, the receiver be brought in and made a party defendant, and authorized to defend the suit, and, as modified, affirmed, without costs.

MATTHEWS, Respondent, v. MATTHEWS, Appellant. (Supreme Court, Appellate Division, Third Department. July 7, 1896.) Action by Helen Matthews against Horace Matthews. No opinion. Judgment modified by reducing it to the sum of $70, being items of $30 for repairs (finding No. 7), and $40 for hay (finding No. 3), with interest from March 2, 1888, and, as so modified, affirmed, without costs of this appeal to either party. PUTNAM and HERRICK, JJ., dissent.

MAZANEC v. MANHATTAN INV. CO. (Supreme Court, Appellate Division, First Department. January 14, 1896.) No opinion. Motion denied, on payment of $10 costs. See 38 N. Y. Supp. 20.

MICHAEL v. PREFERRED MUT. ACC. ASS'N OF NEW YORK. (Supreme Court, Appellate Division, First Department. January 14, 1896.) No opinion. Order affirmed, with $10 costs and disbursements.

MILLER BREWING CO., Respondent, v. CITY OF ROCHESTER, Appellant. (Supreme Court, Appellate Division, Fourth Department. July 30, 1896.) Action by the Miller Brewing Company against the city of Rochester. No opinion. Judgment affirmed, with costs.

MOONEY v. DOHN. (Supreme Court, Appellate Term, First Department. January 31, 1896.) No opinion. Judgment affirmed, with costs.

MORRIS v. HAAS. (Supreme Court, Appellate Term, First Department. January 31, 1896.) No opinion. Judgment affirmed, with costs.

MORZIERES, Respondent, v. VANNI et al., Appellants. (Supreme Court, Appellate Term, First Department. July 27, 1896.) Action by Marguerite Morzieres against John Vanni and John Renoux to recover damages for injury to household property. Ullo, Ruebsamen, Cochran & Baldwin, for appellants. Kantrowitz & Esberg, for respondent.

DALY, P. J. The defendants were co-partners engaged in the business of trucking and moving goods for hire, and were common carriers. They were moving household furniture for the plaintiff, including china ware in a barrel. Defendant Renoux was carrying the barrel when the hoops gave way, and the barrel drop-