(20 Misc. Rep. 97.)

## McCAULEY v. HUTKOFF et al.

(Supreme Court, Appellate Term. April 26, 1897.)

MASTER AND SERVANT—NEGLIGENCE OF SERVANT—LIABILITY OF MASTER.

 A master is not relieved from liability for the acts of his servants because unnecessary or in violation of his instructions, where they were done in the exercise of their judgment or for their convenience in performing their work.

Appeal from Eighth district court.

Action by John McCauley against Nathan Hutkoff, impleaded with others. There was a judgment in favor of plaintiff for $97, besides costs, and defendant Hutkoff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Alburtis Perry and David Leventritt, for appellant.

Albert W. Venino and Venino & Sichel, for respondent.

DALY, P. J. The plaintiff was insured in the Fidelity & Casualty Company of New York against loss by the breakage of glass in his premises, 313 Tenth avenue, occupied by his tenant, Charles Pape. The insurance company contracted with the defendant Nathan Hutkoff to replace any glass which it insured under its policies, and his employés, who were sent by him to replace a plate-glass window in the plaintiff's premises, interfered with the gas fixtures there, with the result that an explosion occurred, causing damage, for which the plaintiff has recovered judgment against their employer, Hutkoff.

When this case was before us on a former appeal from a judgment against both the insurance company and Hutkoff, who were jointly sued, we reversed the judgment, on the ground that the policy of insurance provided that the assured (the plaintiff) should, whenever necessary, at his own expense, remove any woodwork, gas fixtures, or other obstruction to the replacing of the glass; and that, as neither the company nor the contractor Hutkoff was bound to remove the gas pipes which had been interfered with, their servants, in so doing, acted neither within the scope nor within the course of their employment; also that a judgment against both defendants was erroneous, as the immediate employer of the servant committing the act complained of is alone responsible. McCauley v. Casualty Co., 16 Misc. Rep. 574, 38 N. Y. Supp. 773. Upon the new trial, the justice properly dismissed the complaint as to the insurance company, but gave judgment against the contractor Hutkoff. Upon the facts as developed, that judgment may be affirmed. There was evidence on the second trial which warranted a finding that it was not necessary to remove the gas pipe as an obstruction to putting in the window glass, and, therefore, that no duty with respect to its removal devolved upon the assured under the terms of the policy; so that the interference of Hutkoff's employés was not an act done in the performance of a duty which rested upon the plaintiff, but was an act done in the course of their employment by Hutkoff. It also clearly appeared upon the trial that no notice was given to the plaintiff either by the insurance company, or by its contractor, Hutkoff, or by the servants of either, that

it was necessary to remove the gas pipe, as an obstruction to the insertion of the window glass. If the insurers or their contractor met with an obstruction which, under the policy, it was the duty of the insured to remove, they were bound to notify him of the fact, unless the circumstances showed that he knew, or must have known, the fact. If, instead of notifying him, and giving him an opportunity to remove the obstruction, the insurer and its contractor proceeded to remove it, they would be liable to him, or to any party injured, for want of proper care in so doing.

It is claimed by defendant that he is not liable for the acts of his employés, because they were expressly instructed not to touch the pipes, but to return with the glass if they could not put it in on account of obstructions. But this fact does not exonerate the defendant. He intrusted his servants with the work of putting in the glass; and the consequences of their disobeying, or exceeding, his instructions, must fall upon him. The general rule is as follows:

"The test of a master's responsibility for the act of his servant is whether the act was done in the prosecution of the master's business, and not whether it was done in accordance with the instructions of the master to the servant. When, therefore, the servant, while engaged in the prosecution of the master's business, deviates from his instructions as to the manner of doing it, this does not relieve the master from liability for his acts." Cosgrove v. Ogden, 49 N. Y. 255.

In that case the defendant's servant, in hauling lumber for him from a dock, piled on the sidewalk heavy timbers, which fell, and injured the plaintiff. The defendants had instructed their servants not to pile the lumber in that place, but it was held that, the act being done in the prosecution of defendants' business, they were not relieved from responsibility by their servant's departure from their instructions in the manner of doing it. The rule is the same where the act of the servant was not necessary to the proper performance of his duty to his master. McCann v. Traction Co. (N. J. Err. & App.) 36 Atl. 888. In this case the business upon which the defendant's servants were sent was to put a plate of glass in the plaintiff's show window. In order to do it, they attempted to remove a gas pipe. Though the removal was unnecessary, if the act of the servants in attempting to remove was not a wanton or willful trespass, but was done in the exercise of their judgment, or for their convenience in performing the duty upon which they were sent, their master is liable, though his instructions were disregarded. Such appears to be the settled law. The same conflict as to fact is found in this as in the prior record upon the question whether defendant's servants actually meddled with the gas pipe or not, and upon the dispute of fact whether their interference, if any, caused the leakage of gas which resulted in the explosion. Upon these questions the justice has found in the plaintiff's favor, and the evidence is sufficient to sustain his conclusion. We cannot see that the preponderance of proof was the other way.

Judgment affirmed, with costs. All concur.