JAMES COSGROVE, by Guardian, etc., Respondent, v. ISAAC C. OGDEN et al, Appellants.

The test of a master's responsibility for the act of his servant is, whether the act was done in the prosecution of the master's business; not whether it was done in accordance with the instructions of the master to the servant. When, therefore, the servant while engaged in the prosecution of the master's business deviates from his instructions as to the manner of doing it, this does not relieve the master from liability for his acts.

The fact that a parent living upon a quiet street, where few vehicles pass, permits a child six years old to go unattended upon the streets, does not constitute negligence *per se*. It is a question proper for the jury.

(Argued April 17, 1872; decided April 23, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon a verdict. Also affirming order denying motion for new trial.

The action was brought to recover damages for injuries resulting from the alleged negligence of defendants' servant.

Defendants, at the time stated in the complaint, were copartners in the lumber business, having a lumber yard in New York, located on Thirteenth street, east of Avenue C, which was in charge of Walter S. Brown, as the foreman and agent of the defendants.

In hauling lumber belonging to this yard up from the dock, where it had been discharged from the vessels, Brown piled a large quantity of heavy timbers in Thirteenth street on the sidewalk, west of Avenue C, and nearly opposite the house where the plaintiff's parents resided, more than a block from defendants' yard.

On the 9th day of September, 1866, this timber, which had been piled one upon the other to the height of several feet, fell down as the plaintiff was passing by on the sidewalk, and greatly injured him.

Brown had been instructed by defendants not to pile the lumber there. Plaintiff, who was about six years old, was

out playing, unattended, and was in the habit of so doing. The street was a quiet one, but little traveled upon. At the close of plaintiff's evidence, defendants moved for a nonsuit upon the ground that it appeared that plaintiff and his parents had been guilty of negligence which caused or contributed to the injury, which motion was denied and defendants excepted.

*Wm. F. Shepard* for the appellants. It was negligence in law for plaintiff's parents to allow him be in the public streets unattended. (*Hartfield* v. *Roper*, 21 Wend., 615; *Mangam* v. *B. R. R. Co.*, 38 N. Y., 455; *Honesburger* v. *Second Ave. R. R. Co.*, 1 Keyes, 570.) A master is not responsible for the willful act of his servant, although done without malice. (*Weed* v. *P. R. R.*, 17 N. Y., 362, 367; *Mali* v. *Lord*, 39 N. Y., 381; *Hibbard* v. *N. Y. & E. R. R.*, 15 N. Y., 455, 459; *Wright* v. *Wilcox*, 19 Wend., 343.)

*Orlando L. Stewart* for the respondent. A principal is liable for the damages sustained through the negligence, carelessness, or even willful act of an agent, while such agent is acting within the business or scope of his agency and authority. (*Weed* v. *Panama R. R. Co.*, 17 N. Y., 362; *Brady* v. *Little Miami R. R. Co.*, 34 Barb., 249; *Dobbin* v. *Foyle*, 2 Cranch, C. Ct., 65; *Mandeville* v. *Cokendorfer*, 3 id., 397; *Lowe* v. *Stockton*, 4 id., 537; *Curtis* v. *Central R. R. Co.*, 6 McLean, 401; 1 Lord Raymond, 264; *Murphy* v. *Forty-second and Grand St. R. R. Co.*, decided in this court and not yet reported; *Phelps* v. *Wait*, 30 N. Y., 78.) The piling this lumber upon the street was negligence. (*The Mayor, etc.*, v. *Sheffield*, 4 Wallace, 189; *The People* v. *Cunningham*, 1 Denio, 524; *Congreve* v. *Smith*, 18 N. Y., 79.) The question whether plaintiff's parents were negligent in permitting him to go upon the street was one for the jury. (*Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y., 455; *Johnson* v. *Hudson Riv. R. R. Co.*, 20 N. Y., 65; *Lynch* v. *Mundin*, 41 Eng. Com. Law, 422; *Ernst* v. *Hudson Riv. R. R. Co.*, 35 N. Y., 9; *Oldfield* v. *N. Y. & Harlem R. R. Co.*, 14 N. Y., 310.)

GROVER, J. The case shows that Brown was employed by the defendants as superintendent of a lumber yard owned by them. That in the prosecution of this business he had the entire charge of removing timber and lumber from the dock to the yard, piling it upon the yard, and of selling and delivering it to customers. That in the prosecution of this business he caused a large quantity of timber to be hauled to and piled upon or near the sidewalk of Thirteenth street, west of avenue C, in the city of New York, and nearly opposite the house where the plaintiff's parents resided, at the distance of about a block from the yard. Brown testified that he piled it there because it was more convenient than it was to pile it upon the yard. That he had no direct authority from either of the defendants to pile it there. That he had asked one of the defendants whether he might pile it there, and he had told him not to do it, but that he did, notwithstanding, because of the greater convenience and facility of so doing. The defendants were responsible for this act of Brown. It was an act done by him in the prosecution of their business, and they are not relieved from responsibility therefor by his departure from their instructions in the manner of doing it. The test of the master's responsibility for the act of his servant is not whether such act was done according to the instructions of the master to the servant, but whether it is done in the prosecution of the business that the servant was employed by the master to do. If the owner of a building employs a servant to remove the roof from his house and directs him to throw the materials upon his lot, where no one would be endangered, and the servant, disregarding this direction, should carelessly throw them into the street causing an injury to a passenger, the master would be responsible therefor, although done in violation of his instructions, because it was done in the business of the master. But should the servant, for some purpose of his own, intentionally throw material upon a passenger, the master would not be responsible for the injury, because it would not be an act done in his business, but a departure therefrom by the servant to effect some purpose

of his own.  (*Weed* v. *The Panama Railroad Co.*, 17 N. Y., 362; *Mali* v. *Lord*, 39 id., 381, and cases cited.)  The remark cited by the counsel from the opinion in the latter case, to the effect that it cannot be presumed that a master by entrusting his servant with his property and conferring power upon him to transact his business, thereby authorizes him to do any act for its protection that he could not lawfully do if present, must be construed in reference to the facts of that case and of the point to which it was applied.  So considered, it is obvious that a master by employing a servant to protect his property did not thereby authorize him illegally to arrest and search one that he suspected had stolen and secreted upon his person a portion of such property, for the reason that such arrest and search was not embraced in the business of guarding and protecting the property.  The judge was right in refusing to hold as a legal conclusion that the plaintiff's parents were guilty of negligence in permitting him to go in the street unattended.  The case shows that they lived in a part of the city occupied principally by laborers living in tenement houses, where but few vehicles were passing in the street, where there was but little if any more danger to be apprehended than upon an ordinary country road.  The plaintiff was a lad nearly six years of age.  The law cannot assume that such boys are incapable of protecting themselves from any danger to be apprehended in such streets and roads. The question as to the negligence of the parents was fairly submitted to the jury, and their verdict clears them from such an imputation.  The judgment appealed from must be affirmed, with costs.

All concur.

Judgment affirmed.