By the Court.—Sedgwick, Ch. J.
The jury might have found in the testimony given, the following facts. The plaintiff went to the ticket office of one of the defendants’ stations of their elevated road and offering his fare asked the ticket seller for a ticket. The ticket seller refused to sell him one, giving as a reason that the plaintiff was drunk. The plaintiff was not drunk. He turned back to go out of the station. The ticket seller left his office and walked after the plaintiff, saying, ‘"‘You get down stairs.” The plaintiff had gone down several steps, when the ticket seller pushed the plaintiff so forcibly that the plaintiff fell over the rail and upon the pavement below. By this he was badly hurt. The ticket seller as he pushed said to the plaintiff “ Go to hell, &c.” At this time behind the ticket seller was a man. Both of them had a uniform dress, the same as the employees of the railroad wear.
The learned judge below was of the opinion that the testimony incontrovertibly showed that the act of the ticket seller was so malicious and wanton, that it must *358 be inferred that it was not done in the performance of any employment of the defendant, inasmuch as because the plaintiff was leaving the station with no delay, there was no duty of the ticket seller to the defendant to compel the plaintiff so to leave it.
On this appeal the plaintiff claims that it should have been left to the jury whether the ticket seller when he pushed the plaintiff was in the performance of what he had been employed for by the defendant. The respondent claims that the testimony shows that the ticket seller was employed to sell tickets and that there is no proof that he was employed by the defendant to do anything more.
It may be said without discussion to be the law, that the plaintiff, after he had failed to buy a ticket, was still lawfully upon the station, with a duty of leaving it with ordinary promptness and of not loitering there or of using it for any other purpose than that of leaving it. If the plaintiff had not begun to go out of the station, the defendant would have had a right, after he had been requested to leave, and after he refused to go, to use such force, not illegal in its kind, as was necessary to enforce a compliance with the request. The defendant acts through its agents. It had the right to empower agents to enforce the right that has been described.
If an agent employed to enforce this right did an act which was in fact done towards enforcing it, the defendant is responsible for the act and for the particular manner in which it was done, although the agent selected the manner, for a purpose of his own, in passion or wilfulness. Cosgrove v. Ogden, 49 N. Y. 255; Mott v. The Consumers Ice Co., 73 N. Y. 543 ; Stewart v. Brooklyn & C. R. R. Co., 90 N. Y. 588. The responsibility exists if the agent be employed for some additional duty. It is enough if his act is within the limits of a larger— more general—employment.
As I understand the testimony here, the jury could have found that the push, which is the act complained *359 of, was done for the purpose of compelling the plaintiff to leave the station more quickly than he was leaving, or not to loiter there. The defendant was responsible then for the act, if the person who did it was shown by the testimony to be one employed by them to keep the station clear of persons not there on business, or improperly remaining there. The defendant was responsible for the selection, by such a servant, of the occasion on which it would be proper to eject such a person. And the question is, was there any testimony tending to show that the ticket seller was a servant under such an employment.
The jury might under the testimony have determined as follows: It was for the interest of the defendant to have one or more servants at the station whose duty it would be to keep it clear for its proper use. The persons who seemed to be in charge of the station had been appointed by the defendant to perform that duty. Irrespective of the presence and conduct of the ticket seller, the conduct and silence of the other man in uniform, who happened to be in charge alone or with the ticket seller, and his tacit approval of the conduct of the ticket seller, was a proof that the ticket seller was acting in accordance with the regulations of the defendant. This tacit approval was not of the kick or its force but of the previous conduct of the ticket seller, in approaching the plaintiff as if to compel him to leave. The jury might indeed have found that there was co-operation between the two. The ticket seller could not make himself the agent of defendant by his declarations. Apart from them, he was evidently employed to sell tickets and therefore to refuse to sell them. It was evidently within the scope of his employment to require a person to whom he had refused a ticket to move away and to compel him to move if that were necessary, and to provide in a proper way that he should not immediately return, and the jury might have found that he determined that the complete removal from the station of the plaintiff, *360 was a proper provision against the plaintiff returning and making reiterated demands for a ticket.
I am further of opinion that the conduct of the ticket seller in the whole course from the time he left his place in the office, and then following the plaintiff to the stairs, was some evidence as to the character of his employment, prima facie, happening as it did on the premises of the defendant.
On these considerations and others not adduced, I am of opinion that the learned counsel for appellant is right in claiming that it was for the jury to find whether or not the ticket seller was attempting to force the plaintiff to leave the station, and whether or not the ticket seller in such an attempt was acting within an employment by defendant.
Judgment reversed and new trial ordered with costs to abide the event.
Ingraham, J., concurred.