CHARLES CLARK, RESPONDENT, v. HERMAN KOEHLER AND SAMUEL GOLDBERGER, APPELLANTS.

*Negligence — extent of the liability of a master for the negligence of his servant in driving a wagon employed in the transaction of the master's business.*

Upon the trial of this action, brought by the plaintiff to recover damages sustained by him by reason of the alleged negligence of a servant of the defendants in driving a wagon in the transaction of the defendants' business, it appeared that the plaintiff, a lineman employed in the telegraph bureau of the fire department of the city of Brooklyn, was, at the time of the accident, engaged in repairing the telegraph wires, and was on the top of a telegraph pole and standing in the position for "tying in," with his left leg over the cross-arm and his right knee under the cross-arm, in a bent position, so as to steady himself, as his hands and arms were reserved for handling the wires when stretched by his companions in the street below; that while he was in this position a servant of the defendants, who was driving a wagon in the street, allowed his vehicle to run against the wire, which tightened it, and although told to stop he whipped up his horses and caused the wire to tighten around the plaintiff, whereby he was injured.

*Held,* that a judgment restricting the plaintiff's claim for damages to what occurred after the defendant's agent had driven against the wire should be affirmed.

APPEAL from a judgment in favor of the plaintiff, entered in Kings county, upon the verdict of a jury, and from an order deny-ing a motion for new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for injuries alleged to have been caused by the negligence of the defendants' servant while driving a truck through Carroll street, in the city of Brooklyn.

*B. F. Enstein,* for the appellants.

*James D. Bell,* for the respondent.

PRATT, J. :

This is an appeal from a judgment in favor of the plaintiff, entered upon a verdict. It seems that the plaintiff was a lineman, employed in the telegraph bureau of the fire department of the city of Brooklyn. At the time of the accident he was engaged in repairing the telegraph wires, and for that purpose was on the top of a telegraph pole and standing in the position for " tying in," with his left leg over the cross-arm and his right knee under the cross-arm in a bent position so as to steady himself, as his hands and arms were reserved for handling the wires when stretched by his companions in the street below.

It appears that while he was in this position a servant of the defendants, who was driving a wagon in the street, allowed his vehicle to run against the wire, which tightened it, and although told to stop, he whipped up his horses and caused the wire to so tighten upon the plaintiff, whereby he was injured.

The plaintiff was restricted in his claim for negligence to what occurred after the defendant's agent had driven against the wire, the defendant's servant then had full notice of the peril in which he was putting the plaintiff, but still he refused to stop and persisted in driving on, and thus injured the plaintiff. The charge was quite as favorable to the defense as the facts warranted. The testimony showed that the driver was reckless in a marked degree. The defense makes the point that the driver having refused to stop after he was told to do so, his conduct must be regarded as willful, and, hence his employers are not liable. It is clear that this case does not fall within that rule. This servant had general charge and authority to manage his team while in the street, and what he did was clearly within the scope of his employment. The true test of the master's responsibility for the acts of his servant is not whether such act is done according to the instructions of the master to the servant, but whether it is done in the transaction of the business that the servant is employed by the master to do It is a perfect answer to this part of the defendants' case that the judge charged the jury that if they found from the facts that the accident was caused by the willful misconduct of the driver, there could be no recovery. (*Cosgrove* v. *Ogden*, 49 N. Y., 255 ; *Stewart* v. *B. and C. R. R. Co.*, 90 id., 588.)

We have examined all the exceptions taken to the charge of the judge and find no error sufficient to warrant the setting aside of the verdict. The case was properly submitted to the jury and the evidence is sufficient to sustain their verdict.

The judgment should be affirmed, with costs.

Present — BARNARD, P J. ; DYKMAN and PRATT, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.