BISCHOFF, J.
The defendant the Fidelity & Casuality Company insured the plate glass on the plaintiff’s premises. By the third clause of the policy the company agreed, at its option, to replace the glass, or to pay actual value of the glass broken. The policy further provided:
“Whenever necessary, the assured shall, at his own expense, remove any woodwork, gas fixtures, or other obstruction to the replacing of the glass ”
The plaintiff notified the defendant company that the glass in his store window was broken, and thereupon the company notified the defendant Hutkoff, with whom he had a contract for that purpose, to replace the broken pane. Hutkoff sent his workmen to replace the glass. They found that the gas pipes outside the window interfered with the work, and notified the clerks in the stoi’e that they would have to be removed. Plaintiff leased the store to one Pape, and the two men in charge of it were his. employes.
The justice has found, on conflicting testimony, that the defendant Hutkoff’s men worked at the pipes, and negligently detached two lengths, in the cellar and basement, so that, when the gas was-lighted that evening, an explosion occurred, which caused the damage complained of in this action. A master is, ordinarily, liable to a third person injured through the negligence of his servant while acting within the scope of his employment. 14 Am. & Eng. Enc. Law, 804; Mott v. Ice Co., 73 N. Y. 543, 547. “The test of the master’s responsibility for the act of his servant is, not whether such act was done according to the instructions of the master to the servant, but whether it was done in the prosecution of the business that the servant was employed by the master to do.’’ Cosgrove v. Ogden, 49 N. Y. 255, 257. Here the daty of the servant was fixed by the contract of insurance, which placed the obligation of removing gas pipes and other obstructions upon the owner. This was known to all the parties interested. If, therefore, Hutkoff’s employes endeavored to remove the gas pipes, they acted, in so doing, neither within the scope nor within the-course of their employment, and the defendants cannot be held liable for such acts.
The j udgment, as rendered, against both defendants, is erroneous. The immediate employer of a servant is alone responsible-for the latter’s negligent acts. There cannot be two superiors severally responsible in such a ease. Blake v. Ferris, 5 N.Y. 48.
*115 The judgment must be reversed as to each defendant, with costs to abide the event of a new trial, which is hereby directed,
All concur»