We think that the judgment should be reversed and a new trial granted.

All concurred, except WILLIAMS, J., who dissented.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide event, upon questions of law and fact.

---

First Appellate Department, January, 1905. Reported. 100 App. Div. 515.

PATRICK W. CULLINAN, as State Commissioner of Excise of the State of New York, Respondent, v. ELLIOTT D. PAXSON and UNITED STATES GUARANTEE COMPANY, Appellants.

*Cantwell & Moore,* for Appellant Paxson.

The plaintiff failed to prove a cause of action, and the court erred in refusing to grant defendant's motion for a dismissal of

the action made at the close of the case, and in directing a verdict for the plaintiff. Defendant's employee in the absence of defendant, and against instructions, sold Duffy's Malt Whiskey. It was incumbent upon the plaintiff to show that the sale was made either by the principal, personally, or with his knowledge and consent, and if made by an employee, that it was within the scope of his authority. There could be no agency in perpetration of an unlawful act, and the decision of Justice Davy in *Cullinan* v. *Burkard* (41 Misc. 321) was correct.

The reversal of Justice Davy's opinion by no means settles the question. (93 App. Div. 31.)

The trial court's ruling that "I am going to hold by the contractual relation that the principal is bound by the act of his servant. I will give you a clear ruling on that matter, and you can present the matter for review," was erroneous.

The court erred in refusing to submit the question of fact whether Duffy's Malt Whiskey was a medicinal remedy or a liquor the sale of which is prohibited by the Liquor Tax Law, and in directing a verdict for the plaintiff.

Essence of peppermint contains five per cent. more alcohol than was found in the Duffy's Malt Whiskey analyzed by plaintiff's witnesses. Plaintiff's witnesses admit that there was a solid the ingredients of which they are unable to state. The Duffy's Malt Whiskey Circular in evidence contains testimonials from different persons, including physicians, certifying and testifying to the medicinal qualities of Duffy's Malt Whiskey. This circular was wrapped around the bottles of Duffy's Malt Whiskey which were sold in the original package, and to be used as a medicine and not as a beverage. The contents of this circular became a part of the case, and the certifications and declarations of the physicians and other persons as to the medicinal qualities of Duffy's Malt Whiskey were evidence as to the facts certified to, as much as if the parties certifying had been produced, and had testified upon the witness stand. We claim that this circular, together with the fact that the chemists found a solid that they could not account for, created a question of fact as to whether Duffy's Malt Whiskey was a medicinal remedy, or a liquor, the sale of which was prohibited, and that this question of fact should have been submitted to the jury for their determination.

The judgment should be set aside, and a new trial ordered.

*Herbert H. Kellogg,* for the State Commissioner of Excise.

Plaintiff's special agents entered the defendant's drug store, and asked a clerk in charge there for a bottle of "Duffy's Malt Whiskey." This was analyzed by Joseph Deghuee, chief chemist of the health department of New York city, Dr. Charles A. Crampton, chief chemist of the Internal Revenue Bureau, Treasury Department at Washington, and Edward W. Wheeler, chemist for the New York State Agricultural Department, at Albany.

Dr. Deghuee's certificate of analysis is as follows:

"The sample of whiskey marked 'Duffy's Malt Whiskey' No. 15,049 submitted to me for examination contains:

"Alcohol by volume.............................45.67 per cent
"Alcohol by weight .........................38.46 "
" Degree proof ...............................91.3 "
" Total solid matter ......................... 0.99 "
" Sugar by inversion ......................... 0.79 "
" Sugar by polarization ...................... 0.88 "
" Ether and chloroform extract ............... 0.005 "
" Specific gravity at 60 deg. F. ............. 0.9465 "

"Search was made for added medicinal ingredients with negative results. Sample is simply sweetened whiskey."

Dr. Crampton analyzed the same whiskey, and testified that he found it contained no medicinal ingredients outside of the alcohol and the whiskey. The other chemist also analyzed the same bottle, and testified that he did not find any appreciable quantity of any drug or medicine other than alcohol.

This bottle of whiskey was wrapped in a circular or advertising sheet entitled "Duffy's Annual," containing various letters from persons who claimed to have been benefited by the use of this whiskey. There was no question to go to the jury in this case.

The proof shows that the substance known as "Duffy's Malt Whiskey" is a liquor within the meaning of section 2 of the Liquor Tax Law. There was no question of fact as to its nature to be passed on by the jury. (*Commonwealth* v. *Curran,* 119 Mass. 206; *Schlecht* v. *State,* 56 Ind. 173; *Egan* v. *State,* 53 Ind. 162; Black on Intoxicating liquors, § 12; *State* v. *Williamson,* 21 Mo. 496.)

An indictment for selling spirituous liquor is sustained by

proof of the sale of common cordial, where that is shown to be sweetened with sugar and flavored with peppermint. (Black on Intoxicating Liquors, § 12, *State* v. *Bennett*, 3 Harr. (Del.) 565.

Law cannot be evaded by disguising intoxicating liquors sold as a beverage with some tincture or preparation which will give to the liquor to some extent the appearance or flavor of a medicine, or by mixing the liquor with drugs, bark or seeds which have medicinal qualities. (17 Am. & Eng. Ency. Law, 206; *Russell* v. *Sloan*, 33 Vt. 656; *King* v. *State*, 58 Misc. 740.)

The Duffy's Malt Whiskey sold by the defendant does not contain a tincture or extract of herbs or roots of any kind. The infinitesimal amount of ether and chloroform extract contained therein was shown to have no therapeutic or medicinal value. It was not present in sufficient amount to change the character of the substance, or make it any less available as a beverage. It was improper to ask the plaintiff's witnesses upon cross-examination: "Is it a fact, Doctor, that there are a very large number of patent medicines that contain a larger per cent. of alcohol than you found in the material that you analyzed that you have testified with reference to?" The ruling of the court in excluding this question was not error. It was likewise improper to ask "You do know, do you not, that the Secretary of the Treasury in 1901, issued a circular letter to the Internal Revenue Agents throughout the United States, saying that no liquor tax was required to sell Duffy's Malt Whiskey, because it was a medicinal agent, do you not?"

The court's ruling in excluding this question was also correct.

It was proper for the court to allow the question: "And you know the general percentage of alcohol contained in other whiskies — in standard whiskies — defined by the United States dispensaries?"

The defendant was liable for the unlawful sale of "Duffy's Malt Whiskey" by his clerk, without his knowledge or consent, and contrary to his instructions. (*Cullinan* v. *Burkard*, 93 App. Div. 31; *Cullinan* v. *Parker*, 84 App. Div. 296; affirmed, 177 N. Y. 573.)

The judgment appealed from should be affirmed.

Judgment and order affirmed, with costs, on opinion in *Cullinan* v. *Burkard* (93 App. Div. 31).