(72 Misc. Rep. 387.)

### REGG v. BUCKLEY–NEWHALL CO.

(Supreme Court, Appellate Term. June 29, 1911.)

MASTER AND SERVANT (§ 302*)—INJURIES TO THIRD PERSON—ASSAULT—SCOPE OF AUTHORITY—SECRET INSTRUCTIONS.

Where defendant, engaged in selling personal property on the installment plan, having sold plaintiff a wash wringer for which she had not paid in full, directed its servant to demand payment or take the wringer, if he could do so by lawful means and without any interference with plaintiff's rights, and without committing any acts of assault, engaging in any disorderly conduct, or indulging in any force or incivility, and the agent obtained possession of the wringer after committing an assault on plaintiff, the act having been done in the prosecution of defendant's business, which the servant was employed to perform, and defendant having clothed the agent with the discretion of determining whether the means by which he possessed himself of the chattel were "lawful or without interference with the rights of the plaintiff," and having retained possession of the wringer after it was returned, could not claim freedom from liability for the assault, on the theory that the agent's acts were contrary to instructions and beyond the scope of his authority.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

Appeal from City Court of New York, Trial Term.

Action by Cornelia Regg against the Buckley-Newhall Company. From a judgment dismissing plaintiff's complaint, she appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Girard S. Wittson, for appellant.

Baker & Hyman (Sol. A. Hyman, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

GUY, J.   The plaintiff herein appeals from an order dismissing the complaint.   The action was brought to recover damages for an alleged assault committed by an agent of the defendant while engaged in removing and taking from the possession of the plaintiff a wash wringer which had been previously sold to plaintiff, to be paid for in installments, the title to remain in the seller until final payment was made.   The plaintiff testified as to the assault, which was denied by defendant's witness.   Defendant then offered in evidence the written instructions issued by defendant to its agent (Defendant's Exhibit 1), worded in part as follows:

"You are hereby required to collect the amount due on mortgage number 18,663, upon which the sum of $2.25 is due and owing and unpaid.   You will call and see the debtor or person named in the mortgage, and demand payment of this amount, and, if payment is not made, demand possession and delivery of the goods mentioned in the mortgage.   If said goods can be repossessed by *lawful means, and without any interference with the rights of the mortgagor*, you may repossess yourself of said goods for our benefit.   You will please, however, observe the following directions:

"(1) You shall not force yourself into any premises where the goods are, nor shall you use any forcible means of entry; but you shall only repossess yourself of the said goods if you are permitted to enter the premises where same are.

"(2) You are not authorized, directed, or empowered to commit any acts of assault upon any person in connection with the repossession of said goods and chattels, nor shall you engage in any disorderly conduct, or indulge in any force or incivility."

At the close of the case defendant moved for a dismissal of the complaint on the ground that plaintiff had failed to show that the agent, Moreland, was, at the time of the alleged assault and in connection therewith, acting within the scope of his authority.   The court reserved decision on the motion until after the submission of the case to the jury and the rendering of a verdict by the jury.   The jury found a verdict in favor of the plaintiff for the sum of $250.   Defendant moved to set aside the verdict, in which motion the plaintiff acquiesced on the ground of inadequacy.   The court reserved decision on both the motion to dismiss and on the motion to set aside the verdict of the jury, and subsequently granted the motion to dismiss, and from the order entered thereon this appeal is taken.

For the purpose of this appeal the facts testified to by plaintiff as to the assault must be deemed to be true, and the sole question to be determined is whether the learned trial justice erred in dismissing the complaint, on the ground that the agent, Moreland, in committing the alleged assault, was acting without the scope of his authority.   It appears from the evidence that defendant's agent was permitted to enter the premises, and was, therefore, admittedly there as the authorized agent of the defendant for the purpose of taking possession of the chattel for the benefit of the defendant; that he did remove the chattel, and it was subsequently delivered to and retained by the defendant. The trial justice evidently granted the motion to dismiss the complaint upon the theory that the directions to the agent that he should repossess himself of the chattel "by lawful means, and without any interference with the rights of the mortgagor," and without committing any acts of assault, or engaging in any disorderly conduct, or indulg-

ing in any force or incivility, so limited the authority of the agent that the alleged assault committed in disregard of said directions was beyond the scope of his authority. This view of the law is not, however, sustained by the authorities:

"The test of the master's responsibility for the act of his servant is not whether such act was done according to the instructions of the master to the servant, but whether it is done in the prosecution of the business that the servant was employed by the master to do." Cosgrove v. Ogden, 49 N. Y. 257, 10 Am. Rep. 361.

"For the acts of the servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully." Mott v. Consumers' Ice Company, 73 N. Y. 547.

"Though injury and insult are acts in departure from the authority conferred, or implied, nevertheless, as they occur in the course of the employment, the master becomes responsible for the wrong committed." Palmieri v. Manhattan Ry. Co., 133 N. Y. 266, 30 N. E. 1002, 16 L. R. A. 136, 28 Am. St. Rep. 632.

In O'Connel v. Samuels, 81 Hun, 360, 30 N. Y. Supp. 890, the rule governing cases of this character is very clearly stated:

"Although [the employé] may have deviated from the instructions of his employers in proceeding to get possession of the property, he did not depart from his purpose of reclaiming the property for them, and consequently may throughout have acted within the scope of his employment."

See, also, Rounds v. D. L. & W. R. R. Co., 64 N. Y. 129, 21 Am. Rep. 597.

In Cullinan v. Burkard, 93 App. Div. 36, 86 N. Y. Supp. 1006, the same rule is enunciated:

"A principal cannot exonerate himself from liability for the acts of his agent by showing that they were committed in violation of his instructions."

The cases of McGrath v. Michaels, 80 App. Div. 458, 81 N. Y. Supp. 109, and Weinstein v. Singer Manfg. Co., 121 App. Div. 708, 106 N. Y. Supp. 517, cited by the learned judge in his opinion accompanying the dismissal of the complaint, are not in point, for the reason that in said cases the evidence failed to show any authority in the agent to repossess himself of the chattel for the benefit of the defendant, and the taking possession thereof was clearly beyond the scope of his authority. In the McGrath Case, however, the court again laid down (at page 460 of 80 App. Div., and page 110 of 81 N. Y. Supp.) very clearly the rule that should govern in this class of cases:

"A master may be held responsible for the acts of his servant within the general scope of his employment, while engaged in the master's business, even though the servant's acts be negligent, wanton, or wrongful."

In this case Moreland, the agent, was specifically authorized to enter the premises, if permitted to do so, and to repossess himself of the chattel for the benefit of the defendant. The defendant clothed him with the discretion of determining whether the means by which he repossessed himself of the chattel were "lawful or without interference with the rights of the plaintiff." Having vested its agent with this discretion, the agent's acts in doing the thing he was directed to

do were within the scope of his authority, and the defendant was not relieved from responsibility, therefore, by his departure from his instructions as to the manner in which it was done. See Cosgrove v. Ogden, supra. Even if the agent acted in direct violation of his instructions as to the use of force or the committing of an assault, the rule is the same. The master cannot avail himself of the benefits of his servant's acts, as, in this case, by the retention of the chattels so taken possession of by the agent, and repudiate reponsibility for the manner of the taking. It is evident, therefore, that the learned trial justice erred in granting the motion to dismiss the complaint.

The jury having rendered a verdict for plaintiff in utter disregard of the law of the case as stated in the court's instructions to the jury, the verdict should not be reinstated, even though the court erred in its instructions as to the law.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.