Per Curiam.

These appeals, consolidated for the sake of brevity, present a single common question. That question is whether, the two-year Statute of Limitations, in actions upon a statute for a forfeiture or penalty to the people of the State (Civ. Prac. Act, § 50), applies to these cases.
The actions herein were brought to recover the face amounts of six qualifying bonds, each in the amount of $5,000, given in connection with the licensing of professional bondsmen (Code Grim. Pro., § 554-b, subd. 4). The complaint, in each instance, alleges a violation of the principal condition of the bond sued upon. At Special Term the court held that each action was for the breach of an undertaking, and not an action to recover a penalty fixed by statute, and hence that the two-year Statute of Limitations did not apply, but rather the statute applicable to contracts.
We agree with the construction adopted by the Special Term. Each bond involved is conditioned upon compliance with the law by the principal and surety. The measure of recovery for the violation of such a bond is the amount of the contract obligation undertaken (Cullinan v. Burkard, 93 App. Div. 31). The fact that it is unnecessary to allege specific damages does not render an action for the violation of such a bond an action to recover a statutory penalty. While the bond in each case was given pursuant to statute, the action thereon was not for a violation of the statute primarily but rather for a violation of the terms of the bond itself.
The orders should be affirmed, with $50 costs and disbursements as of one appeal.
Foster, P. J., HEEEERNAn, Brewster, Bergan and Coon, JJ., concur.
Orders affirmed, with $50 costs and disbursements as of one appeal. [See 277 App. Div. 911.]